AUGUST 1, 1843.

*Jane Renwick et al.* v. *John T. Cooper, adm'r, &c. John T.* Revivor upon appeal. *Cooper, adm'r, &c.* v. *Jane Renwick et al.* J. VAN BUREN, for J. T. Cooper; J. RHOADES, for Mrs. Goodrich. This was an application by J. T. Cooper to dismiss the appeal, in the first entitled cause, and to revive the proceedings upon the last appeal, or for such other order as might be proper under the following circumstances. Oliver E. Renwick was the administratrix and J. T. Cooper the administrator of J. Renwick, deceased, and were cited to account before the surrogate of Rensselaer county, and the final sentence and decree of the surrogate was made in March, 1830. From a part of that decree Jane Renwick the mother of the decedent, and Olivia E. Renwick his widow, who were entitled to distributive shares of his estate, appealed to the chancellor, and J. T. Cooper the administrator appealed from another part of the decree. The first named appellants filed their petition of appeal, but the persons who were intended to be made respondents therein were not named. Before any further proceedings were had on either appeal, Jane Renwick died, having in her lifetime assigned all her property to James and William Renwick, as trustees for herself and children. And Olivia E. Renwick, the other appellant in the first appeal, and one of the respondents in the last, intermarried with Orrin Goodrich.

THE CHANCELLOR. In the recent case of *Jauncey* v. *Rutherford,* (9 *Paige's Rep.* 273,) it was decided that the pro-

6

ceedings to revive upon an appeal from the surrogate were to be substantially in the same form as the proceedings to revive a suit upon an appeal from the decree of a vice chancellor in a suit commenced in chancery. Here one of the appellants has died after assigning all her interest in the subject matter of the appeal, to trustees, and the other being a feme sole at the time of the appeal, has subsequently intermarried with one who is not a party to the appeal. As neither the survivor and her husband nor the assignees of the deceased appellant have caused the proceedings to be revived within the eighty days mentioned in the statute, (2 *R. S.* 185, § 124,) this appears to be a proper case to require the surviving appellant and her husband, and those who represent the deceased appellant, or one or the other of them, to cause the proceedings to be revived in the name of the parties now interested in the subject matter of that appeal, within a limited time, or that such appeal be dismissed, with costs to be paid by the surviving appellant. The English practice appears to be, where the suit abates by the death of a sole complainant, or of all the complainants where there were more than one, before decree, to require the representative to revive the suit within a limited time or that the bill be dismissed without costs. (*Chowick* v. *Dimes*, 3 *Beav. Rep.* 290 ; *Canham* v. *Vincent*, 6 *Lond. Jur:* 206.) And such was the effect of the decision of Chancellor Sanford in the case of *Pells* v. *Coon*, (*Hopk. Rep.* 450.) But by the revised statutes this court, in such cases, is authorized either to order the revival of the suit in the names of the representatives of the deceased complainant where the defendant has an interest in having it revived, or to direct a dismissal of the bill with costs, where the defendant merely wishes to get the suit out of court and obtain satisfaction for the costs already accrued. (2 *R. S.* 185, § 119.) In the present case the respondents in the first appeal have no interest in having the proceedings upon that appeal revived, if the surviving appellant and her husband, or those who have succeeded to the rights of her co-appellant, do not think proper to revive and prosecute the appeal for their own benefit. The proper course therefore is to dismiss that appeal,

with costs to be paid by the surviving appellant, if she and her husband, or those who represent the interest of the deceased appellant do not cause the appeal to be revived within sixty days after the entry of the order upon this decision.

In the case of the cross-appeal by the petitioner Cooper, it appears that the respondent Jane Renwick assigned all her property to trustees previous to her death. And as they have succeeded to her interest, the appeal should be revived against them as the parties now in interest, and the case should then proceed against them and against Mrs. Goodrich and her husband and the other surviving respondents, if there are any others. An order is therefore to be entered accordingly. And in this case, as the appellant does not appear to have filed his petition of appeal, the proper course for him is to file such a petition, showing among other things the death of one of the respondents and that the trustees have succeeded to her rights, and the intermarriage of the respondent Olivia E. Renwick pending the appeal, and praying that she and her husband and the said trustees, and such other persons interested in the decision appealed from, as were intended to be made parties to the appeal, naming them, may answer such petition of appeal, &c. And upon filing such petition of appeal the usual order may be entered that the respondents therein put in their answers to the same within twenty days after service of a copy of the petition and notice of the order, in the manner prescribed by the 118th rule of this court or that the appellant be heard ex parte ; unless some of the respondents are infants, in which case the order to answer must be varied accordingly.

The better course in this case, on the part of the appellant Cooper, would have been to combine the petition to revive and the petition of appeal and the prayer to answer the same, in one petition, in analogy to a bill of revivor and supplement where the original bill had not been answered previous to the abatement of the suit. But as that has not been done in this case, a petition of appeal must still be filed, stating therein the order to revive which has been made upon the present petition. And if the appellant succeeds in his appeal and re-

covers costs thereon, he will only be entitled to such costs as he would have received if the petition of appeal and the petition to revive had both been embraced in the same petition.